HENRY RUENBUHL V. ESTATE OF ANNA RUENBUHL.

No. 938.

**1. Trial by Court—Irrelevant Evidence—Presumption.**

Where the trial was had before the judge, without a jury, in the absence of anything to the contrary, it will be presumed that the judgment was not influenced by irrelevant evidence that may have been improperly admitted.

**2. Administrator—Removal of—Incompetent Evidence.**

It is not admissible, in a proceeding to set aside the removal of an administrator with the will annexed, made because he had failed to duly file an inventory, to show that it was not the intention of the deceased testatrix that he should be administrator, and that he was seeking to have certain claims allowed him against the estate.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*John D. Fearhake,* for appellant.

*Austin & Rose,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant was removed without notice, by the County Court of Galveston County, from the office of administrator with the will annexed of the estate of his deceased wife, Anna Ruenbuhl, for failure of the appellant to file in the said court, within the time prescribed by law, an inventory of the estate of the decedent. In due time the appellant moved the court to set aside said order, which motion was refused, and to the overruling of his motion, appellant prosecuted his appeal by certiorari to the District Court; and that court, upon trial of the appeal, affirmed the judgment of the County Court, and from that judgment appellant appeals to this court.

The first and second assignments of error impugn the action of the court in admitting in evidence over the objection of the appellant that they were irrelevant and immaterial, the will of the deceased, and certain papers filed in the County Court; the purpose of the introduction of the will in evidence was to show that it was not the intention of the testatrix that her husband should be the administrator of her estate; and the purpose for which the filed papers were offered in evidence was to show that the administrator was seeking to have certain claims allowed him against the estate of the testatrix. We are of the opinion that these assignments are well taken, and that the court erred in not sustaining appellant's objection to the evidence. But the trial was had

before the judge of the court, without a jury, and in the absence of anything rebutting the conclusion, we must conclude that the judgment of the court was uninfluenced by all irrelevant evidence, and, if so, the error in admitting the evidence was harmless.

The third assignment of error assumes that the judgment is not sustained by the evidence, and is contrary to the evidence, in that the testimony of the appellant that he had filed an inventory was uncontradicted, and that the complainants wholly failed to show by any evidence whatever that the inventory had not been filed. To this assumption of appellant we cannot assent, but, on the contrary, our conclusion is that the judgment of the court is amply sustained by the evidence. While the testimony of appellant is not directly contradicted by the testimony of any witness, the circumstantial evidence in the case is such as to authorize the court to reject the testimony of the appellant, and to warrant the conclusion that appellant failed to file an inventory of the estate as required by law, and that the judge of the County Court did not err in removing the appellant, upon motion of complainants, from the office of administrator of the estate of the deceased, nor in refusing to set aside the order of removal, upon the motion of the appellant.

The judgment is affirmed.

*Affirmed.*

Delivered October 24, 1895.