LANDSCAPE DESIGN AND CONSTRUCTION, INC., Appellant,

v.

HAROLD THOMAS EXCAVATING, INC., Appellee.

No. 20352.

Court of Civil Appeals of Texas, Dallas.

July 23, 1980.

Rehearing Denied Aug. 20, 1980.

John A. George, Dallas, for appellant.

James S. Munson, Wharton, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

AKIN, Justice.

This litigation concerns a dispute with respect to a subcontract to build a lake at Eastfield College in Mesquite, Texas. Defendant, a general contractor, entered into a written subcontract with plaintiff, a subcontractor, to excavate for the lake. Plaintiff completed the excavation but defendant refused to pay him, claiming that the work was not performed within ten days as required by the written agreement. Defendant claimed offsets for payments made and for damages due to plaintiff's failure to complete excavation within ten days. From a judgment for the plaintiff, allowing a portion of the defendant's claim for offsets, the defendant has appealed. We affirm on the ground that the ten day requirement for performance is a covenant rather than a condition precedent to payment.

Plaintiff completed the excavation required under the subcontract, although not within ten days of the commencement of the work, and plaintiff's excavation work was accepted by the defendant in completion of the general contract. Defendant contends that it is not obligated to pay plaintiff for the excavation work because the work was not completed in ten days. The correctness of defendant's contention depends upon whether the ten day requirement in the contract is a condition precedent or a covenant. A condition precedent is a fact which must exist before a duty of immediate performance of a promise arises. *Andretta v. West*, 318 S.W.2d 768, 773 (Tex. Civ.App.—Texarkana 1958, writ ref'd n. r. e.). A covenant, as distinguished from a condition precedent, is an agreement to act or refrain from acting in a certain way. A breach of a covenant which is a part of a legally enforceable contract gives rise to a cause of action for damages rather than affecting enforceability of the provisions of the agreement. *Reinert v. Lawson*, 113 S.W.2d 293, 295 (Tex.Civ.App.—Waco 1938, no writ). Thus plaintiff's recovery cannot stand if the contract is construed as making performance within ten days a condition precedent to the enforceability of the defendant's obligation to pay for the excavation work performed by plaintiff. If completion within ten days is a covenant or promise, then defendant has a legal obligation to pay for the excavation work under the contract but may bring an action against plaintiff for any damages suffered because of a breach of the ten day provision.

The contract upon which plaintiff relies for recovery provides:

## SUBCONTRACT

This agreement made this 8th day of February in the year Nineteen Hundred and Seventy Seven by and between Harold Thomas Excavating, P. O. Box 595, Richardson, Texas 75080 hereinafter called the Subcontractor and Landscape Design & Construction, Inc., hereinafter called the Contractor.

## ARTICLE I

The Subcontractor agrees to furnish all material and perform all work as described in Article II hereof for Dallas County Community College District's Eastfield Park at Eastfield College, Mesquite, Texas, for Landscape Design & Construction, Inc., in accordance with this agreement.

## ARTICLE II

Description of work: Subcontractor agrees to form lake area in accordance to information and drawing of the Architect, Myrick, Newman, Dahlbert, Inc. All work shall be done subject to the final approval of the Architect or Owner's authorized agent, and his decision in matters relating to artistic effect shall be final, if within the terms of the Contract Documents.

## ARTICLE III

Time is of the essence and the subcontractor agrees to complete the work as described in Article II within *10* working days of commencement.

## ARTICLE IV

The Contractor agrees to pay Subcontractor for the performance of this work on a per unit, per hour, basis (As per schedule A attached) not to exceed the sum of Five Thousand Five Hundred and No/100 Dollars ($5,500.00) in current funds, subject to additions and deductions for changes as may be agreed upon in writing, within 10 days of receipt of monies from Owner.

## ARTICLE V

Full payment shall be due when the work described in this contract is fully completed and performed consistent with Article II and Article IV.

## ARTICLE VI

Prior to starting work the insurance required to be furnished shall be obtained from a responsible company or companies to provide proper and adequate coverage and satisfactory evidence will be furnished to the Contractor that the Subcontractor has complied with the requirements as stated in the General Conditions of Bid Document # 3469.

■ The general rule of delineation between covenants and conditions is set out in *Hohenberg Brothers Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976). Normally a term such as "if", "provided that", "on condition that", or some phrase of conditional language must be included that makes performance specifically conditional. Otherwise the language will be construed as a covenant in order to prevent a forfeiture. More specifically, as stated in *Shwartz-Jordan, Inc. v. Delisle Construction Co.*, 569 S.W.2d 878, 881 (Tex.1978), language will not be construed as a condition precedent when another reading of the contract is possible. In view of these rules of construction, we note that Paragraph V of the contract provides that full payment shall be due upon completion of the excavation consistent with Article II, which refers to specifications of the architect. The ten day provision of Article III is not mentioned in Article V. Thus Article V makes completion of the work according to Article II the only condition precedent to plaintiff's right to full payment. Consequently, we hold that Article III is a covenant or promise by plaintiff that the work will be completed within ten days, and as such it is enforceable by defendant in a damage action, but is not a condition precedent to plaintiff's right to payment. Thus, the trial judge correctly concluded that plaintiff is entitled to payment for the excavation work even though it was undisputed that it was not completed within ten days.

■ Defendant also contends that the trial court erred in failing to find $9,449.50 as offsets against plaintiff's claim. No counterclaim was pleaded for damages incurred because of the plaintiff's failure to complete the excavation work within ten days. Instead, defendant prayed for an offset of $9,449.50 against plaintiff's claim, and complains on appeal that the trial court

erred in failing to award an offset in this amount. In order to prove these damages as an offset, the defendant offered its records of payments on this project and a list of checks which it asserts represented items of damage due to the delay. The list shows the payee, check number, and amount. In order to prove that these damages were caused by plaintiff's delay, defendant relied on testimony of one of its employees, a certified public accountant. No attempt was made to relate the individual items claimed as damages to the delay in excavation. The accountant merely testified that defendant incurred $9,449.50 as a result of the delay, and this conclusion was based on records of expenditures which exceeded amounts budgeted to the job. Due to the failure of defendant to explain individual items of damage allegedly suffered, we hold that defendant has not established as a matter of law that he is entitled to this offset.

■ Defendant next argues that the trial court erred in awarding attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1980), because there is no evidence that plaintiff presented notice of its claim at least thirty days prior to trial. We overrule this contention because it was not presented to the trial judge and thus was waived. Consequently, defendant cannot raise this point for the first time on appeal. This rule, based on a sound administration of justice, gives the trial judge an opportunity to review his decisions and correct errors without resort to the appellate process. *Wm. S. Baker, Inc. v. Sims*, 589 S.W.2d 492 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.).

■ Defendant also complains that plaintiff's Exhibit 2, an accounts receivable ledger pertaining to this job, is hearsay because plaintiff failed to prove the elements of Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp.1980), as a foundation for its introduction. Since this was a trial before the court, we must presume that the court did not consider hearsay. *Ruenbuhl v. Ruenbuhl's Estate*, 11 Tex.Civ.App. 197, 32 S.W. 722 (1895, no writ). Thus assuming that

Exhibit 2 is hearsay, any error in its introduction is harmless because other evidence establishes plaintiff's claim. In this respect, plaintiff's owner testified that its hourly labor totaled $10,981.00 but that it only billed $5,500.00 because that was the maximum amount it was entitled to under the contract. This testimony supports the judgment, without resort to Exhibit 2, as to the value of work performed by plaintiff.

■ Next, defendant complains of the failure of the court to make additional findings of fact and conclusions of law. Generally, the failure to make additional findings of fact and conclusions of law after a timely request requires reversal unless the record affirmatively shows that the complaining party has not suffered injury. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 119–120 (1944). 4 R. McDonald, Texas Civil Practice § 16.08.2 at 22 (rev. 1971). However, a case should not be reversed where most of the requested additional findings were disposed of directly or indirectly by the initial findings and the failure to make the additional findings was not prejudicial to the appellant. *Wentz v. Hancock*, 236 S.W.2d 175 (Tex.Civ.App.—Austin 1951, writ ref'd). Applying these rules to the requested additional findings, we hold that appellant was not prejudiced by the judge's failure to make these additional findings. Most of the requested additional findings of fact concern matters which were not disputed in the evidence, e. g. whether plaintiff completed the work within the ten day period, the starting and completion dates for the excavation work, and the payment of $1,500.00 to plaintiff by defendant. These requested fact findings were unnecessary because they were undisputed.

Defendant also requested additional fact findings that the delay in the excavation work was not due to inclement weather or the acts of defendant. These findings were contrary to the necessary implication of the trial court's initial findings of fact. The defendant also requested a finding that it incurred damages of $9,449.50 due to delays in the excavation. This finding is also pre-

cluded by the initial finding that defendant was entitled to an offset of $3,008.00, rather than $9,449.50. Indeed, the trial court's initial fact findings adequately disposed of defendant's requested additional findings; consequently, no harm to defendant resulted from the failure to make additional findings.

Affirmed.