BLOCK 316 GARAGE, LTD., Appellant,

v.

WORTHAM & VAN LIEW, et al., Appellees.

No. 01–85–626–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 9, 1986.

Rehearing Denied Feb. 6, 1986.

David T. Hedges, Christopher W. Byrd and Celso Gonzalez-Falla, Vinson & Elkins, Houston, for appellant.

Kenneth M. Morris and John R. Knight, Morris & Campbell, Houston, for appellees.

Before JACK SMITH, HOYT and DUGGAN, JJ.

## OPINION

HOYT, Justice.

Block 316 Garage, Ltd. (Block 316), appeals from a summary judgment, entered for Wortham & Van Liew, involving the interpretation of a lease between the two parties. Block 316 urged its motion for partial summary judgment and Wortham & Van Liew urged a concurrent motion for summary judgment. The trial court granted Wortham & Van Liew's motion, denied Block 316's motion, and entered a take-nothing judgment against Block 316.

In June 1983, Block 316 agreed to lease to Wortham & Van Liew 400 parking spaces in a parking garage to be constructed. The obligations under the lease would not begin until a "Commencement Date" was established. Block 316 was to establish the commencement date by giving Wortham & Van Liew at least 90 days prior written notice of the commencement date. By letter dated March 29, 1984, Block 316 established the commencement date of July 1, 1984. On June 27, Block 316 forwarded a "Notice of Substantial Completion" expressing that the garage was sufficiently complete to provide the 400 spaces for which the parties had contracted. Wortham & Van Liew rejected the notice, contending that the garage was not substantially complete, and on July 10, notified Block 316 that its failure to comply with paragraph 2, section 1 of the lease terminated Wortham & Van Liew's obligations under the lease. Block 316 countered with letters on July 19 and October 17, setting and resetting the expected commencement date.

Block 316 brought suit against Wortham & Van Liew on September 24, 1984, contending that the lease had not terminated because construction on the garage had been timely commenced and timely completed.

In two points of error, Block 316 contends that the trial court erred in granting Wortham & Van Liew's motion for summary judgment and, further, in denying its motion for partial summary judgment.

Wortham & Van Liew argues on appeal that its obligation under the lease could not arise because Block 316 had failed to designate a legitimate commencement date as provided for in the lease. Wortham & Van Liew interprets the commencement date designation in paragraph 2, section 1 as a condition precedent to the performance of

its obligation. It argues that because a new commencement date was not established before the expiration of the original commencement date, the condition precedent to the commencement of the lease had not been met; therefore, as a matter of law, its obligation under the lease could not start. In the alternative, it argues that the lease is ambiguous and questions of fact are raised.

Block 316 contends that the establishment of a commencement date was not a condition precedent to the existence of the lease and that the lease provisions should be construed as independent covenants. It also contend that termination of the lease could only occur, according to its terms, either if Block 316 failed to commence construction timely or if construction was not completed timely. There is no dispute that construction commenced and ended within the time frame set forth in the lease.

When an instrument is unambiguous, its construction is a question of law for the court. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968). In making this determination the court is required to give effect to the intention of the parties as expressed or as it is apparent in the writing. *Pitts v. Ashcraft*, 586 S.W.2d 685, 693 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.). The wording of the instrument must be considered in light of the surrounding circumstances and the pertinent rules of construction must be applied. *City of Pinehurst*, 432 S.W. at 519. Furthermore, "the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement." *Id.* at 518.

A condition precedent is a fact which must exist before a duty of immediate performance of a promise arises. *Landscape Design and Construction, Inc. v. Harold Thomas Excavating, Inc.*, 604 S.W.2d 374, 377 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). It may be a condition to either the formation of a contract or to an obligation to perform an existing agreement. *Dillon v. Lintz*, 582 S.W.2d

394, 395 (Tex.1979). "Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty." *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976).

Paragraph 2, section 1 of the lease states in pertinent part:

## II. TERM

Section 1. Term. Subject to and upon the terms and conditions set forth herein, this Lease ... shall commence on the date (the "Commencement Date") specified by Lessor [Block 316] ... after substantial completion of the Parking Garage.... Lessor shall give Lessee [Wortham & Van Liew] at least ninety (90) days prior written notice of the expected Commencement Date. [I]f Lessor shall thereafter reasonably believe that the Parking Garage will not be substantially completed prior to the expected Commencement Date, Lessor shall notify Lessee, and shall ... either (i) specify a new expected Commencement Date at least ninety (90) days thereafter or (ii) provide, on a day-to-day basis, alternative parking (covered or surface) on the downtown blocks ... at no charge to Lessee for up to forty-five (45) days after the expected Commencement Date last specified. If the Parking Garage is still not substantially completed at the expiration of such 45-day period, then Lessor shall not have the right or obligation to provide such alternative parking, and Lessor shall specify a new expected Commencement Date, but in no event shall the Commencement Date be earlier than ninety (90) days after the expiration of such 45-day period.... Lessor may postpone the actual Commencement Date under either of the clauses in the immediately preceding sentence until the Parking Garage is substantially completed.

Block 316 set three commencement dates and it is undisputed that each date was set in accordance with the 90-day notice requirement. Likewise, it is undisputed that Block 316 did not set a new commencement date or provide alternate parking prior to July 1, 1984, the first commencement date. The issue is whether after setting a commencement date, which could not be met, Block 316 was required, as a condition to enforcement of the lease, to set a new date prior to the expiration of the current date. We hold that it was not.

Although failing to comply with paragraph 2, section 1 of the lease may have been a violation of a term of the lease, Block 316's violation could not forever bar commencement because Wortham & Van Liew's remedy is damages. *See Landscape Design and Construction, Inc.*, 604 S.W.2d at 376. Setting or resetting the commencement date satisfies the condition for commencement; however, the failure to proceed afterwards is a breach of a covenant or term of the lease, the condition having been met. Interpreting this provision to require continuous commencement dates once a commencement date is established renders the remainder of the lease meaningless. *See City of Pinehurst*, 423 S.W.2d at 518. If the parties had intended that the establishment of continuous commencement dates would be a condition precedent to the lessee's obligation, they certainly could have included it under this section. We hold that the provision which requires the designation of a commencement date does not also require the designation of continuous commencement dates as a condition precedent to Wortham & Van Liew's obligation under the lease.

Block 316's motion for partial summary judgment urged the trial court to find that the lease had not terminated and that the failure of the lessee to perform was an attempted repudiation. Wortham & Van Liew maintains that being unable to commence a lease is a different issue from termination of a lease. We agree. However, the condition for the commencement of the lease was met.

Following the July 1, 1984 commencement date, Block 316 set new commencement dates, October 18, 1984, and January 18, 1985. The latter date was urged by Block 316 as the final date and except for not being a continuation of the July 1, 1984 commencement date, it is undisputed that the notice complied with the lease agreement. The action of Wortham & Van Liew, in ignoring the January 18, 1985, commencement date, did not terminate the lease but was a further attempt to repudiate it. These attempted repudiations did not prevent the commencement of the lease on January 18, 1985, the final commencement date set. Therefore, in accordance with the terms of the lease, we hold that the lease commenced on January 18, 1985.

We reverse the trial court's summary judgment, grant Block 316's motion for partial summary judgment to the extent that Wortham & Van Liew's attempted repudiation did not terminate the lease and remand the cause to the trial court for further proceeding.