SMITH ET AL. V. CARTER BURGESS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-313-CV

CHRIS SMITH, RONALD D. SHARP,
 APPELLANTS

MARC BUNDREN, GRADY A. SMITH, 

JOE C. REID, DAN TEEL, AL MONTEMAR, 

TIMOTHY L. TYLER, ANABELL GOMEZ, 

BRIAN BULL, CHAD HANKINS, JAMES 

QUITER, KEN MITCHELL, CHRIS FIELDS, 

AND KEVIN SCOTT ROSS

V.

CARTER & BURGESS, INC. APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants appeal the trial court’s summary judgment in favor of their former employer, Carter & Burgess, Inc. (C&B).  Because we hold that the employment contracts unambiguously provided that appellants were not entitled to the incentive bonuses they sued to receive, we affirm the trial court’s judgment.

Appellants signed identical employment agreements with C&B that provided they could be terminated “for any reason, or no reason at all” after completion of an initial eight-week orientation period.  The employment contracts also provided for an incentive payment under certain circumstances:

In the event Employee remains employed with Carter & Burgess for two years after the Effective Date of this Agreement, complies with the terms of this Agreement, and reaffirms the commitment to comply with the provisions of Paragraphs 3 and 4 of this Agreement [dealing with non-disclosure of information], Employee shall be eligible to receive deferred salary in the sum of $15,000.  In the event Employee resigns before two years after the Effective Date of this Agreement or is terminated for Cause (as defined in paragraph 1), Employee is responsible for all costs for Employee to return to his/her home location and also forfeits the Incentive Payment.  

Appellants were terminated after the orientation period but before the expiration of two years’ employment when the project for which they were hired was cancelled.  C&B did not make any incentive payments.

Appellants sued C&B for breach of contract and promissory estoppel, claiming they were entitled to the incentive payments because they had not resigned or been terminated for cause.  C&B filed a traditional motion for summary judgment, asserting that the contracts were unambiguous and  appellants were not entitled to the incentive payments because they had not fulfilled the condition precedent of two years’ employment.  The trial court granted the summary judgment.  On appeal, appellants argue that the trial court erred by granting summary judgment on their breach of contract claims because they claim the incentive payment provision of the contracts is ambiguous.
(footnote: 2)
 We review the trial court's summary judgment de novo.  
Provident Life & Accident Ins. Co. v. Knott, 
128 S.W.3d 211, 215 (Tex. 2003);
 FM Props.  Operating Co. v. City of Austin
, 22 S.W.3d 868, 872 (Tex. 2000).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  
S.W. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997).  Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.
  Haase v. Glazner
, 62 S.W.3d 795, 797 (Tex. 2001);  
Rhone-Poulenc, Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999).

Resolution of this dispute hinges on contract interpretation.  
In interpreting a written contract, the court’s primary concern is to ascertain the true intentions of the parties as expressed in the instrument.  
See Coker v. Coker
, 650 S.W.2d 391, 393 (Tex. 1983).  The court will construe the intention of the parties primarily by referencing the words used in the contract.  
See, e.g., Preston Ridge Financial Servs. Corp. v. Tyler,
 796 S.W.2d 772, 775 (Tex. App.–Dallas 1990, writ denied).  To ascertain the true intentions of the parties, the court will examine and consider the entire writing in an attempt to harmonize all provisions of the contract and give effect to all provisions of the contract so that none will be rendered meaningless.  
J.M. Davidson, Inc. v. Webster
, 128 S.W.3d 223, 229 (Tex. 2003).
  All provisions of the contract should be considered with reference to the entire instrument, and no single provision taken alone should be controlling.  
Id.
  Moreover, in harmonizing contract provisions, terms stated earlier in an agreement must be favored over subsequent terms. 
 See Coker
, 650 S.W.2d at 393; 
Tyler
, 796 S.W.2d at 778.  
 Whether a contract is ambiguous is a question of law for the court.  
See, e.g., Webster
, 128 S.W.3d at 229.
  Texas law provides extensive guidance to assist the court in making this determination. 
 See Med. Towers, Ltd. v. St. Luke’s Episcopal Hosp.
, 750 S.W.2d 820, 822 (Tex. App.–Houston [14
th
 Dist.] 1988, writ denied).  To determine whether a contract is ambiguous, the court will look at the contract as a whole in the light of the circumstances present when the contract was entered.  
See Coker
, 650 S.W.2d at 394.  “A contract is ambiguous when it is subject to more than one reasonable meaning, unresolvable by rules of [contract] interpretation.”  
St. Lukes
, 750 S.W.2d at 822.  Disagreement as to the proper interpretation of a contract does not automatically make it ambiguous
.  Id.
  Similarly, uncertainty or lack of clarity in the language chosen by the parties is not sufficient in rendering a contract ambiguous.  
See, e.g., Tyler
, 796 S.W.2d at 777.  

A contract is considered unambiguous if it can be given a definite or certain legal meaning.  
See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.
, 940 S.W.2d 587, 589 (Tex. 1996).  If a contract can be given a definite legal meaning, the court will construe the contract as a matter of law.  
See, e.g., Coker
, 650 S.W.2d at 393.   

The first sentence of the contracts in this case provides that if an employee completes two years of service with the employer, the employee is eligible for an incentive bonus.  The parties disagree as to the effect of the language in the second sentence of the contracts.  Appellants interpret the contracts to provide the incentive bonus even if the employees did not work for the employer for two years, so long as they were not terminated for cause or did not voluntarily cease working for C&B.  Conversely, C&B contends that the contracts provide the bonus incentive if, and only if, appellants worked for the employer for two years and also provide that even if the employee has served more than two years with the employer and is terminated for cause or quits, the employee must not only provide for his or her own transportation home, but also forfeit the incentive bonus
. 

Applying the canons of contract construction, we conclude that the only reasonable interpretation of the incentive payment contract provisions is that they required the appellants to remain employed for two years before becoming eligible for the incentive bonus.  Reading the contracts to allow the eligibility for an incentive bonus even if the appellants did not remain an employee for two years would render the first sentence of the employment contracts meaningless. Therefore, we hold that the employment contracts are unambiguous.  
See Heritage Resources
, 
Inc. v. NationsBank, 
939 S.W.2d 118, 121 (Tex. 1996).

We must next determine whether the two-year employment requirement is a condition precedent.  To determine whether a condition precedent exists, the court will ascertain the intention of the parties, and that can be done only by looking at the entire contract.
  See Hudson v. Wakefield
, 645 S.W.2d 427, 430 (Tex. 1993).  In order to make performance specifically conditional, a term such as “if,” “provided that,” “on condition that,” or some similar language normally must be included.  
Landscape Design and Construction, Inc. v. Harold Thomas Excavating
, 604 S.W.2d 374, 377 (Tex. Civ. App.–Dallas 1980, writ ref’d n.r.e.).  If no such language is used, the terms will be construed as a covenant in order to avoid forfeiture. 
 See Hohenberg Bros. Co. v. George E. Gibbons & Co.
, 537 S.W.2d 1, 3 (Tex. 1976).
  
While such language is not required, absence of such language is probative of the parties’ intention that a promise be made, rather than a condition imposed. 
 
Id.

The contracts in this case use such words:

In the event 
Employee remains employed with Carter & Burgess for two years after the Effective Date of this Agreement, complies with the terms of this Agreement,  . . . Employee shall be eligible to receive deferred salary in the sum of $15,000.  
In the event
 Employee resigns before two years after the Effective Date of this Agreement or is terminated for Cause . . . Employee is responsible for all costs for Employee to return to his/her home location and also forfeits the Incentive Payment.

Thus, we conclude that the only reasonable interpretation of the contracts is that they contained a condition precedent requiring appellants to complete two years of service before becoming eligible for the incentive bonus.  The words “in the event that” evidence an intent to create a condition precedent.  Furthermore, if a contract is to be interpreted as to give effect to all provisions of the contract, interpreting the employment contract to contain a promise to be made, rather than a condition precedent to performance, would render the first sentence of the contract meaningless.  Therefore, a proper interpretation of the employment contracts would be to construe as a condition precedent the requirement that appellants complete two years of employment in order to be eligible for the incentive bonus.

Because we hold that the contract was unambiguous and contained a condition precedent requiring appellants to be employed by C&B for two years before they would become eligible for an incentive payment, we hold that the trial court did not err in granting the summary judgment because the undisputed evidence showed that appellants were not employed for two years.  We overrule appellants’ issues and affirm the trial court’s summary judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED: February 10, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
We will affirm the summary judgment on the promissory estoppel claims because appellants did not raise or brief any issue on appeal regarding those claims.  
Tex. R. App. P.
 38.1(3), (h).