COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-313-CV
  
  
CHRIS 
SMITH, RONALD D. SHARP,                                       APPELLANTS
MARC 
BUNDREN, GRADY A. SMITH,
JOE 
C. REID, DAN TEEL, AL MONTEMAR,
TIMOTHY 
L. TYLER, ANABELL GOMEZ,
BRIAN 
BULL, CHAD HANKINS, JAMES
QUITER, 
KEN MITCHELL, CHRIS FIELDS,
AND 
KEVIN SCOTT ROSS
 
V.
 
CARTER 
& BURGESS, INC.                                                        APPELLEE
 
------------
FROM 
THE 153RD DISTRICT COURT OF TARRANT COUNTY
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellants 
appeal the trial court’s summary judgment in favor of their former employer, 
Carter & Burgess, Inc. (C&B).  Because we hold that the employment 
contracts unambiguously provided that appellants were not entitled to the 
incentive bonuses they sued to receive, we affirm the trial court’s judgment.
        Appellants 
signed identical employment agreements with C&B that provided they could be 
terminated “for any reason, or no reason at all” after completion of an 
initial eight-week orientation period. The employment contracts also provided 
for an incentive payment under certain circumstances:
   
In the event Employee remains employed with Carter & Burgess for two years 
after the Effective Date of this Agreement, complies with the terms of this 
Agreement, and reaffirms the commitment to comply with the provisions of 
Paragraphs 3 and 4 of this Agreement [dealing with non-disclosure of 
information], Employee shall be eligible to receive deferred salary in the sum 
of $15,000.  In the event Employee resigns before two years after the 
Effective Date of this Agreement or is terminated for Cause (as defined in 
paragraph 1), Employee is responsible for all costs for Employee to return to 
his/her home location and also forfeits the Incentive Payment.

Appellants 
were terminated after the orientation period but before the expiration of two 
years’ employment when the project for which they were hired was 
cancelled.  C&B did not make any incentive payments.
        Appellants 
sued C&B for breach of contract and promissory estoppel, claiming they were 
entitled to the incentive payments because they had not resigned or been 
terminated for cause.  C&B filed a traditional motion for summary 
judgment, asserting that the contracts were unambiguous and appellants were not 
entitled to the incentive payments because they had not fulfilled the condition 
precedent of two years’ employment.  The trial court granted the summary 
judgment.  On appeal, appellants argue that the trial court erred by 
granting summary judgment on their breach of contract claims because they claim 
the incentive payment provision of the contracts is ambiguous.[2]
        We 
review the trial court's summary judgment de novo.  Provident Life & 
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003); FM Props. 
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  When 
reviewing a summary judgment, we take as true all evidence favorable to the 
nonmovant, and we indulge every reasonable inference and resolve any doubts in 
the nonmovant's favor.  S.W. Elec. Power Co. v. Grant, 73 S.W.3d 
211, 215 (Tex. 2002); Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 
911 (Tex. 1997).  Under Texas Rule of Civil Procedure 166a(c), the party 
moving for summary judgment bears the burden to show that no genuine issue of 
material fact exists and that it is entitled to judgment as a matter of 
law.  Haase v. Glazner, 62 S.W.3d 795, 797 (Tex. 2001); Rhone-Poulenc, 
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).
        Resolution 
of this dispute hinges on contract interpretation. In interpreting a written 
contract, the court’s primary concern is to ascertain the true intentions of 
the parties as expressed in the instrument.  See Coker v. Coker, 650 
S.W.2d 391, 393 (Tex. 1983).  The court will construe the intention of the 
parties primarily by referencing the words used in the contract.  See, 
e.g., Preston Ridge Financial Servs. Corp. v. Tyler, 796 S.W.2d 772, 775 
(Tex. App.–Dallas 1990, writ denied).  To ascertain the true intentions 
of the parties, the court will examine and consider the entire writing in an 
attempt to harmonize all provisions of the contract and give effect to all 
provisions of the contract so that none will be rendered meaningless.  J.M. 
Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003).  All 
provisions of the contract should be considered with reference to the entire 
instrument, and no single provision taken alone should be controlling.  Id. 
 Moreover, in harmonizing contract provisions, terms stated earlier in an 
agreement must be favored over subsequent terms.  See Coker, 650 
S.W.2d at 393; Tyler, 796 S.W.2d at 778.
        Whether 
a contract is ambiguous is a question of law for the court. See, e.g., 
Webster, 128 S.W.3d at 229. Texas law provides extensive guidance to assist 
the court in making this determination. See Med. Towers, Ltd. v. St. Luke’s 
Episcopal Hosp., 750 S.W.2d 820, 822 (Tex. App.–Houston [14th 
Dist.] 1988, writ denied). To determine whether a contract is ambiguous, the 
court will look at the contract as a whole in the light of the circumstances 
present when the contract was entered. See Coker, 650 S.W.2d at 394. “A 
contract is ambiguous when it is subject to more than one reasonable meaning, 
unresolvable by rules of [contract] interpretation.” St. Lukes, 750 
S.W.2d at 822. Disagreement as to the proper interpretation of a contract does 
not automatically make it ambiguous.  Id. Similarly, uncertainty or 
lack of clarity in the language chosen by the parties is not sufficient in 
rendering a contract ambiguous. See, e.g., Tyler, 796 S.W.2d at 777.
        A 
contract is considered unambiguous if it can be given a definite or certain 
legal meaning.  See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd., 
940 S.W.2d 587, 589 (Tex. 1996).  If a contract can be given a definite 
legal meaning, the court will construe the contract as a matter of law.  See, 
e.g., Coker, 650 S.W.2d at 393.
        The 
first sentence of the contracts in this case provides that if an employee 
completes two years of service with the employer, the employee is eligible for 
an incentive bonus.  The parties disagree as to the effect of the language 
in the second sentence of the contracts.  Appellants interpret the 
contracts to provide the incentive bonus even if the employees did not work for 
the employer for two years, so long as they were not terminated for cause or did 
not voluntarily cease working for C&B. Conversely, C&B contends that the 
contracts provide the bonus incentive if, and only if, appellants worked for the 
employer for two years and also provide that even if the employee has served 
more than two years with the employer and is terminated for cause or quits, the 
employee must not only provide for his or her own transportation home, but also 
forfeit the incentive bonus.
        Applying 
the canons of contract construction, we conclude that the only reasonable 
interpretation of the incentive payment contract provisions is that they 
required the appellants to remain employed for two years before becoming 
eligible for the incentive bonus.  Reading the contracts to allow the 
eligibility for an incentive bonus even if the appellants did not remain an 
employee for two years would render the first sentence of the employment 
contracts meaningless.  Therefore, we hold that the employment contracts 
are unambiguous.  See Heritage Resources, Inc. v. NationsBank, 
939 S.W.2d 118, 121 (Tex. 1996).
        We 
must next determine whether the two-year employment requirement is a condition 
precedent.  To determine whether a condition precedent exists, the court 
will ascertain the intention of the parties, and that can be done only by 
looking at the entire contract.  See Hudson v. Wakefield, 645 S.W.2d 
427, 430 (Tex. 1993). In order to make performance specifically conditional, a 
term such as “if,” “provided that,” “on condition that,” or some 
similar language normally must be included.  Landscape Design and 
Construction, Inc. v. Harold Thomas Excavating, 604 S.W.2d 374, 377 (Tex. 
Civ. App.–Dallas 1980, writ ref’d n.r.e.).  If no such language is 
used, the terms will be construed as a covenant in order to avoid 
forfeiture.  See Hohenberg Bros. Co. v. George E. Gibbons & Co., 
537 S.W.2d 1, 3 (Tex. 1976).  While such language is not required, absence 
of such language is probative of the parties’ intention that a promise be 
made, rather than a condition imposed. Id.
        The 
contracts in this case use such words:
  
In the event Employee remains employed with Carter & Burgess for two 
years after the Effective Date of this Agreement, complies with the terms of 
this Agreement, . . . Employee shall be eligible to receive deferred salary in 
the sum of $15,000. In the event Employee 
resigns before two years after the Effective Date of this Agreement or is 
terminated for Cause . . . Employee is responsible for all costs for Employee to 
return to his/her home location and also forfeits the Incentive Payment.

Thus, 
we conclude that the only reasonable interpretation of the contracts is that 
they contained a condition precedent requiring appellants to complete two years 
of service before becoming eligible for the incentive bonus. The words “in the 
event that” evidence an intent to create a condition precedent. Furthermore, 
if a contract is to be interpreted as to give effect to all provisions of the 
contract, interpreting the employment contract to contain a promise to be made, 
rather than a condition precedent to performance, would render the first 
sentence of the contract meaningless. Therefore, a proper interpretation of the 
employment contracts would be to construe as a condition precedent the 
requirement that appellants complete two years of employment in order to be 
eligible for the incentive bonus.
        Because 
we hold that the contract was unambiguous and contained a condition precedent 
requiring appellants to be employed by C&B for two years before they would 
become eligible for an incentive payment, we hold that the trial court did not 
err in granting the summary judgment because the undisputed evidence showed that 
appellants were not employed for two years. We overrule appellants’ issues and 
affirm the trial court’s summary judgment.
    
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
 
PANEL 
B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
 
DELIVERED: 
February 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We will affirm the summary judgment on the promissory estoppel claims because 
appellants did not raise or brief any issue on appeal regarding those 
claims.  Tex. R. App. P. 
38.1(3), (h).