In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-000140-CV
______________________________


JB JOYCE, LTD. AS SUCCESSOR TO
CONSTRUCTORS AND ERECTORS, LTD., Appellant
Â 
V.
Â 
REGIONS FINANCIAL CORP., Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 76th Judicial District Court
Camp County, Texas
Trial Court No. CV-03-3960


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Our opinion of June 21, 2005, is withdrawn and this opinion is substituted.
Â Â Â Â Â Â Â Â Â Â Â Â A summary judgment allowed Regions Financial Corp. to foreclose on property based on a
tax lien which had been transferred to it. The property taxes were originally assessed against
business property known as the Leesburg Asphalt Company, located in Camp County, Texas. The
pleadings indicate that defendants, JB Joyce, Ltd. as Successor to Constructors and Erectors, Ltd.,
AÂ &Â R Enterprises, Inc., d/b/a Service Electric, and Linco-Electromatic, Inc., and Linco-Electromatic
Measurement, Inc. (hereinafter referred to as Joyce), had filed mechanics' and materialmen's liens
on the property in question. Regions Bank became the owner of the property by foreclosure. 
Regions Bank (the Bank) authorized Regions Financial Corporation (RFC) to pay the taxes for the
years 2002 and 2003. The Bank then executed two real estate lien notes for the amounts paid. The
Bank authorized Camp County Central Appraisal District to transfer its liens to RFC. Camp County
Central Appraisal District received $40,456.61 for 2002 taxes and $29,617.23 for 2003 taxes from
RFC and transferred its tax liens to RFC, pursuant to provisions of Section 32.06 of the Property Tax
Code. See Tex. Tax Code Ann. Â§ 32.06 (Vernon 2001). RFC brought an in rem suit against Joyce,
asserting a lien on the real property on which the taxes were assessed and requesting foreclosure of
the tax lien on the real estate and attorney's fees.
Â Â Â Â Â Â Â Â Â Â Â Â The standards for reviewing a "traditional" motion for summary judgment are well settled. 
Both parties cite Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548â49 (Tex. 1985), as
the appropriate standard, and we will review this summary judgment based on that case.
Â Â Â Â Â Â Â Â Â Â Â Â On original submission of this case, Joyce argued that the proof provided by RFC was
insufficient for summary judgment because the evidence presented only legal conclusions concerning
whether the note in question was in default and whether it had been accelerated, allowing RFC to
foreclose on its tax lien. We agreed with Joyce that the summary judgment proof presented legal
conclusions only and that it was insufficient.
Â Â Â Â Â Â Â Â Â Â Â Â On motion for rehearing, RFC argues, for the first time, that it pled that all conditions
precedent to plaintiffs' right to relief had been performed or had occurred and that Joyce failed to
dispute that any condition precedent to the enforcement of the contract had not occurred. Finding
this issue dispositive, we will address it.
Â Â Â Â Â Â Â Â Â Â Â Â A condition precedent is an event that must happen or be performed before a right can accrue
to enforce an obligation. Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992). It can be a
condition to the formation of a contract or a condition to an obligation to perform an existing
agreement. Hohenberg Bros. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex. 1976).
Â Â Â Â Â Â Â Â Â Â Â Â Rule 54 of the Texas Rules of Civil Procedure states: 
In pleading the performance or occurrence of conditions precedent, it shall be
sufficient to aver generally that all conditions precedent have been performed or have
occurred. When such performances or occurrences have been so plead, the party so
pleading same shall be required to prove only such of them as are specifically denied
by the opposite party.

Tex. R. Civ. P. 54. 

Â Â Â Â Â Â Â Â Â Â Â Â In this case, RFC pled that "[a]ll conditions precedent to Plaintiff's right to relief, as requested
herein, have been performed or have occurred." Joyce's pleadings did not dispute that claim, except
to it, or make any allegation that any conditions precedent did not occur.
Â Â Â Â Â Â Â Â Â Â Â Â In Hill v. Thompson & Knight, 756 S.W.2d 824 (Tex. App.âDallas 1988, no writ), the
plaintiff brought suit on a note and contended that "[a]ll conditions precedent with respect to
Plaintiff's claims against Defendant herein have been performed or have occurred." Id. at 825. The
defendant stated generally that all conditions precedent had not been satisfied. The court held that
the "denial does not specifically deny, and hence under rule 54 does not cumber Thompson & Knight
with proving, the performance or occurrence of any condition precedent to its recovery." Id. at 826.
Likewise, in Miller v. University Savings Assoc., 858 S.W.2d 33 (Tex. App.âHouston [14th Dist.]
1993, writ denied), the court reviewed a summary judgment granted based on a promissory note. 
In that case, it was argued that proper proof was not presented regarding requirements to accelerate
the maturity of the note. Id. at 36. The court stated that, by failing to raise the point or specifically
except to the pleading that "all conditions precedent have been performed or have occurred," the
defendant waived his point that a condition of the note had not been fulfilled. Id. Another case
involving a suit on a promissory note is MacDonald v. Bank of Kerrville, 849 S.W.2d 371 (Tex.
App.âSan Antonio 1993, writ dism'd by agr.). There, an amended pleading alleged that all
conditions precedent to a right to recover on the note had been performed. The answer had no
specific denials. Citing Hill, the court in MacDonald held that such pleading invoked Tex. R. Civ.
P. 54 and the plaintiff was not required to prove the performance or occurrence of conditions
precedent to its recovery. MacDonald, 849 S.W.2d at 372. 
Â Â Â Â Â Â Â Â Â Â Â Â Joyce argues that proving a note is in default is not a condition precedent because the
contractual obligation to pay the promissory note exists whether there has been a default. However,
in this case, RFC sued Joyce attempting to foreclose the tax lien that had been assigned to it. The
note securing the tax lien stated "upon default in the punctual payment of this Note or any part
thereof, . . . same shall become due and payable." The note further provided:
If default occurs in the payment of any principal or interest when due hereunder, . .Â .
the holder hereof, may, at its option, declare the entirety of this Note, principal and
accrued interest on the unpaid principal balance, immediately due and payable and
pursue any and all other remedies available to it at law or in equity (including
foreclosure of holder's liens), . . . . 

Before RFC had the right to accelerate the note and declare the entire indebtedness due, a "default
in the punctual payment" of the note had to occur. Both default and acceleration of maturity of the
promissory note were required before RFC accrued the right to enforce the entirety of the debt. Only
if such default and acceleration occurred could RFC foreclose its tax lien. 
Â Â Â Â Â Â Â Â Â Â Â Â We also find that the language of the promissory note indicates that the parties intended and
understood that both default in payment and acceleration of the note had to occur to entitle RFC to
enforce the entire debt and foreclose on the tax lien. The hallmark in determining if a condition
precedent exists is the language of the contract. "In order to make performance specifically
conditional, a term such as 'if,' 'provided that,' 'on condition that,' or some similar phrase of
conditional language must normally be included." Criswell v. European Crossroads Shopping Ctr.,
Ltd., 792 S.W.2d 945, 948 (Tex. 1990) (op. on reh'g) (citing Landscape Design v. Harold Thomas
Excavating, 604 S.W.2d 374, 377 (Tex. Civ. App.âDallas 1980, writ ref'd n.r.e.)); see Mun. Admin.
Servs., Inc. v. City of Beaumont, 969 S.W.2d 31, 40 (Tex. App.âTexarkana 1998, no pet.). The
terms in this note were conditional (e.g. "upon default," "[i]f default occurs"). 
Â Â Â Â Â Â Â Â Â Â Â Â We find default and acceleration to be conditions precedent to the enforcement of the entirety
of the debt and to the foreclosure of the tax lien. Since Joyce failed to specifically deny any
performance or occurrence of any conditions precedent, RFC was not required to further prove that
default and acceleration had occurred as a condition precedent to its recovery. See Tex. R.
Civ.Â P.Â 54.
Â Â Â Â Â Â Â Â Â Â Â Â The motion for rehearing is granted. We affirm the judgment of the trial court.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â August 16, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 17, 2005



emiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 1 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00021-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN THE MATTER
OF P.A.C.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 336th Judicial
District Court, Sitting as a Juvenile Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Fannin County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. J-2010-35

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  P.A.C., a juvenile, has filed a
motion to dismiss his appeal. Â The motion
is signed by P.A.C. and by his attorney.Â 
We grant the motion and dismiss the appeal.Â  See
Tex. R. App. P. 42.1(a)(1).Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  May 9, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  May 10, 2011

Â 

Â