Roy W. HILL, Appellant,

v.

THOMPSON & KNIGHT, Appellee.

No. 05–87–01276–CV.

Court of Appeals of Texas, Dallas.

Aug. 23, 1988.

Roy W. Hill, Fairfield, for appellant.

Madeleine B. Johnson, Dallas, for appellee.

Before STEPHENS, HECHT and BAKER, JJ.

HECHT, Justice.

Appellee Thompson & Knight sued appellant Roy W. Hill on a promissory note and obtained a summary judgment for $28,955.77 plus interest and costs. We overrule Hill's three points of error, affirm the judgment of the trial court and, because we determine that Hill has taken this appeal for delay and without sufficient cause, award Thompson & Knight additional damages of $1,500.00.

■ In his first point of error Hill contends that summary judgment is improper because Thompson & Knight did not establish that it is the present owner, holder and possessor of the note. The affidavit of a partner of Thompson & Knight filed in support of its motion states:

> Thompson & Knight is in possession of the original of a Note, a true and correct copy of which is attached hereto and made a part hereof. The Note has never been assigned, transferred, pledged or delivered by Thompson & Knight to any other person or entity.

A copy of the note is attached to the affidavit. This evidence refutes Hill's contention. *See Taylor v. Fred Clark Felt Co.*, 567 S.W.2d 863, 866 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Lazidis v. Goidl*, 564 S.W.2d 453, 455 (Tex. Civ.App.—Dallas 1978, no writ). Hill's first point of error is overruled.

■ In his second point of error Hill contends that summary judgment is improper because Thompson & Knight did not establish that it has performed all conditions precedent to recovery on the note. Thompson & Knight's petition states:

> All conditions precedent with respect to Plaintiff's claims against Defendant herein have been performed or have occurred.

Texas Rule of Civil Procedure 54 states:

> In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or

have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

Hill pleaded:

Defendant denies that all condition precedent to the satisfaction of the claim of Thompson & Knight have been satisfied and demand [sic] strict proof with respect to all conditions precedent.

This denial does not specifically deny, and hence under rule 54 does not cumber Thompson & Knight with proving, the performance or occurrence of any condition precedent to its recovery. Hill's second point of error is overruled.

In his third point of error Hill contends that fact issues as to affirmative defenses raised by his controverting affidavit preclude summary judgment. Assuming that a controverting affidavit is a proper vehicle for raising issues in response to a motion for summary judgment,[1] Hill's affidavit fails to do so. Hill appears to argue that his affidavit raises issues as to lack or failure of consideration, waiver and estoppel. On the contrary, the affidavit reflects that Hill received an assignment in consideration for the note and says nothing about waiver or estoppel. Hill's third point of error is overruled.

■ This appeal has absolutely no merit. In the eight pages of argument in his brief Hill cites 107 cases, almost none of which have anything to do with the issues raised. This appeal is a complete waste of the parties', counsel's and this court's time and resources. There is no reason for it but delay. This is precisely the sort of appeal for which damages should be assessed against appellant under Texas Rule of Appellate Procedure 84. Rule 84 empowers this court to award damages against Hill up to ten percent of the trial court's judgment, or some $3,000. Under this rule, we award Thompson & Knight $1,500.00 damages against Hill, in addition to all damages awarded by the trial court.

1. See Engel v. Pettit, 713 S.W.2d 770, 772 (Tex. App.—Houston [14th Dist.] 1986, no writ); Rosas v. Bursey, 724 S.W.2d 402, 408 (Tex.App.—

The judgment of the trial court is affirmed.

Fort Worth 1986, no writ). We express no view on this issue.