Jean MacDONALD, Appellant,

v.

BANK OF KERRVILLE, Appellee.

No. 04–92–00388–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1993.

Rehearing Denied Jan. 29, 1993.

Mark M. Ferguson, Carl Payne Tobey, Jr., Gardner & Ferguson, Inc., San Antonio, for appellant.

Wm. Michael Childers, Kerrville, for appellee.

Before CHAPA, BIERY, and GARCIA, JJ.

## ON APPELLANT'S MOTION FOR REHEARING AND MOTION FOR REHEARING EN BANC

CHAPA, Justice.

Appellant's motion for rehearing is denied, the opinion of December 23, 1992 is

withdrawn, and the following opinion is substituted.

Appellant, Jean MacDonald, appeals a partial judgment on the pleadings granted against her. Appellee, Bank of Kerrville, filed suit to recover a judgment on a note, and appellant filed a general denial. In an amended original petition, appellee invoked the provisions of Rule 54[1] of the Texas Rules of Civil Procedure, contending that all conditions precedent to appellee's right of recovery had been performed or had occurred. Appellant failed to amend her general denial. On the day of the trial, the trial court granted partial judgment on the pleadings as to liability based on the fact that appellant had failed to amend her general denial to include any specific denials in accordance with Rule 54. The issues of damages and attorney fees were then resolved by trial on the merits.

The parties conceded in oral argument that the dispositive issue before this court is whether the trial court committed reversible error in granting the partial judgment on the pleadings because of the provisions of Rule 54 which were invoked for the first time in an amended petition.

Appellant relies entirely on the relevant part of Rule 92 of the Texas Rules of Civil Procedure, which states that "[w]hen the defendant has pleaded a general denial, and the plaintiff shall afterward amend his pleading, such original denial shall be presumed to extend to all matters subsequently set up by the plaintiff." Appellant insists that this provision of Rule 92 makes her initial general denial sufficient without any further denial on her part when the provisions of Rule 54 are invoked for the first time in amended pleadings.

In *Hill v. Thompson & Knight*, 756 S.W.2d 824 (Tex.App.—Dallas 1988, no writ), the court was faced with a similar situation. The plaintiff [Thompson & Knight] invoked the provisions of Rule 54 contending that "[a]ll conditions precedent

with respect to Plaintiff's claims against Defendant herein have been performed or have occurred." *Id.* at 825. The defendant [Hill], in an attempt to comply with his specific denial burden under Rule 54, countered with pleadings that stated "[d]efendant denies that all condition precedent to the satisfaction of the claim of Thompson & Knight have been satisfied and demand [sic] strict proof with respect to all conditions precedent." *Id.* at 826.

However, the court held that the defendant's attempts were insufficient stating that the "denial does not specifically deny, and hence under rule 54 does not cumber Thompson & Knight with proving, the performance or occurrence of any condition precedent to its recovery." *Id.* at 826.

Thus, this record reflects that where Rule 92 extended appellant's general denial to "all matters subsequently set up by the [appellee]," Rule 54 likewise required appellee "to prove only such [performance or occurrence of conditions precedent] as [were] specifically denied by the [appellant]" since appellee had invoked the provision of Rule 54 in its amended petition. TEX.R.CIV.P. 54 & 92. As in *Hill*, since appellant failed to properly specifically deny any performance or occurrence of conditions precedent, appellee was not cumbered "with proving, the performance or occurrence of any condition precedent to its recovery." *Hill*, 756 S.W.2d at 826. The trial court correctly granted the partial summary judgment on the pleadings, and the points are rejected.

We refuse appellee's suggestion to sanction appellant for what appellee suggests is a frivolous appeal. TEX.R.APP.R. 84.

Although the parties conceded in oral argument that the dispositive issue before this court is whether Rule 54 or Rule 92 took precedence under the attending circumstances, appellant insists on rehearing that we must address the last two points of error. However, in view of our determina-

---

1. RULE 54. CONDITIONS PRECEDENT

In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, *the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.* [Emphasis added.]

tion of the dispositive issue, we see no need to address the remaining points of error. Tex.R.App.P. 90.

The judgment is affirmed.