In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-000140-CV
______________________________


JB JOYCE, LTD. AS SUCCESSOR TO
CONSTRUCTORS AND ERECTORS, LTD., Appellant
Â 
V.
Â 
REGIONS FINANCIAL CORP., Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 76th Judicial District Court
Camp County, Texas
Trial Court No. CV-03-3960


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Our opinion of June 21, 2005, is withdrawn and this opinion is substituted.
Â Â Â Â Â Â Â Â Â Â Â Â A summary judgment allowed Regions Financial Corp. to foreclose on property based on a
tax lien which had been transferred to it. The property taxes were originally assessed against
business property known as the Leesburg Asphalt Company, located in Camp County, Texas. The
pleadings indicate that defendants, JB Joyce, Ltd. as Successor to Constructors and Erectors, Ltd.,
AÂ &Â R Enterprises, Inc., d/b/a Service Electric, and Linco-Electromatic, Inc., and Linco-Electromatic
Measurement, Inc. (hereinafter referred to as Joyce), had filed mechanics' and materialmen's liens
on the property in question. Regions Bank became the owner of the property by foreclosure. 
Regions Bank (the Bank) authorized Regions Financial Corporation (RFC) to pay the taxes for the
years 2002 and 2003. The Bank then executed two real estate lien notes for the amounts paid. The
Bank authorized Camp County Central Appraisal District to transfer its liens to RFC. Camp County
Central Appraisal District received $40,456.61 for 2002 taxes and $29,617.23 for 2003 taxes from
RFC and transferred its tax liens to RFC, pursuant to provisions of Section 32.06 of the Property Tax
Code. See Tex. Tax Code Ann. Â§ 32.06 (Vernon 2001). RFC brought an in rem suit against Joyce,
asserting a lien on the real property on which the taxes were assessed and requesting foreclosure of
the tax lien on the real estate and attorney's fees.
Â Â Â Â Â Â Â Â Â Â Â Â The standards for reviewing a "traditional" motion for summary judgment are well settled. 
Both parties cite Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548â49 (Tex. 1985), as
the appropriate standard, and we will review this summary judgment based on that case.
Â Â Â Â Â Â Â Â Â Â Â Â On original submission of this case, Joyce argued that the proof provided by RFC was
insufficient for summary judgment because the evidence presented only legal conclusions concerning
whether the note in question was in default and whether it had been accelerated, allowing RFC to
foreclose on its tax lien. We agreed with Joyce that the summary judgment proof presented legal
conclusions only and that it was insufficient.
Â Â Â Â Â Â Â Â Â Â Â Â On motion for rehearing, RFC argues, for the first time, that it pled that all conditions
precedent to plaintiffs' right to relief had been performed or had occurred and that Joyce failed to
dispute that any condition precedent to the enforcement of the contract had not occurred. Finding
this issue dispositive, we will address it.
Â Â Â Â Â Â Â Â Â Â Â Â A condition precedent is an event that must happen or be performed before a right can accrue
to enforce an obligation. Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992). It can be a
condition to the formation of a contract or a condition to an obligation to perform an existing
agreement. Hohenberg Bros. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex. 1976).
Â Â Â Â Â Â Â Â Â Â Â Â Rule 54 of the Texas Rules of Civil Procedure states: 
In pleading the performance or occurrence of conditions precedent, it shall be
sufficient to aver generally that all conditions precedent have been performed or have
occurred. When such performances or occurrences have been so plead, the party so
pleading same shall be required to prove only such of them as are specifically denied
by the opposite party.

Tex. R. Civ. P. 54. 

Â Â Â Â Â Â Â Â Â Â Â Â In this case, RFC pled that "[a]ll conditions precedent to Plaintiff's right to relief, as requested
herein, have been performed or have occurred." Joyce's pleadings did not dispute that claim, except
to it, or make any allegation that any conditions precedent did not occur.
Â Â Â Â Â Â Â Â Â Â Â Â In Hill v. Thompson & Knight, 756 S.W.2d 824 (Tex. App.âDallas 1988, no writ), the
plaintiff brought suit on a note and contended that "[a]ll conditions precedent with respect to
Plaintiff's claims against Defendant herein have been performed or have occurred." Id. at 825. The
defendant stated generally that all conditions precedent had not been satisfied. The court held that
the "denial does not specifically deny, and hence under rule 54 does not cumber Thompson & Knight
with proving, the performance or occurrence of any condition precedent to its recovery." Id. at 826.
Likewise, in Miller v. University Savings Assoc., 858 S.W.2d 33 (Tex. App.âHouston [14th Dist.]
1993, writ denied), the court reviewed a summary judgment granted based on a promissory note. 
In that case, it was argued that proper proof was not presented regarding requirements to accelerate
the maturity of the note. Id. at 36. The court stated that, by failing to raise the point or specifically
except to the pleading that "all conditions precedent have been performed or have occurred," the
defendant waived his point that a condition of the note had not been fulfilled. Id. Another case
involving a suit on a promissory note is MacDonald v. Bank of Kerrville, 849 S.W.2d 371 (Tex.
App.âSan Antonio 1993, writ dism'd by agr.). There, an amended pleading alleged that all
conditions precedent to a right to recover on the note had been performed. The answer had no
specific denials. Citing Hill, the court in MacDonald held that such pleading invoked Tex. R. Civ.
P. 54 and the plaintiff was not required to prove the performance or occurrence of conditions
precedent to its recovery. MacDonald, 849 S.W.2d at 372. 
Â Â Â Â Â Â Â Â Â Â Â Â Joyce argues that proving a note is in default is not a condition precedent because the
contractual obligation to pay the promissory note exists whether there has been a default. However,
in this case, RFC sued Joyce attempting to foreclose the tax lien that had been assigned to it. The
note securing the tax lien stated "upon default in the punctual payment of this Note or any part
thereof, . . . same shall become due and payable." The note further provided:
If default occurs in the payment of any principal or interest when due hereunder, . .Â .
the holder hereof, may, at its option, declare the entirety of this Note, principal and
accrued interest on the unpaid principal balance, immediately due and payable and
pursue any and all other remedies available to it at law or in equity (including
foreclosure of holder's liens), . . . . 

Before RFC had the right to accelerate the note and declare the entire indebtedness due, a "default
in the punctual payment" of the note had to occur. Both default and acceleration of maturity of the
promissory note were required before RFC accrued the right to enforce the entirety of the debt. Only
if such default and acceleration occurred could RFC foreclose its tax lien. 
Â Â Â Â Â Â Â Â Â Â Â Â We also find that the language of the promissory note indicates that the parties intended and
understood that both default in payment and acceleration of the note had to occur to entitle RFC to
enforce the entire debt and foreclose on the tax lien. The hallmark in determining if a condition
precedent exists is the language of the contract. "In order to make performance specifically
conditional, a term such as 'if,' 'provided that,' 'on condition that,' or some similar phrase of
conditional language must normally be included." Criswell v. European Crossroads Shopping Ctr.,
Ltd., 792 S.W.2d 945, 948 (Tex. 1990) (op. on reh'g) (citing Landscape Design v. Harold Thomas
Excavating, 604 S.W.2d 374, 377 (Tex. Civ. App.âDallas 1980, writ ref'd n.r.e.)); see Mun. Admin.
Servs., Inc. v. City of Beaumont, 969 S.W.2d 31, 40 (Tex. App.âTexarkana 1998, no pet.). The
terms in this note were conditional (e.g. "upon default," "[i]f default occurs"). 
Â Â Â Â Â Â Â Â Â Â Â Â We find default and acceleration to be conditions precedent to the enforcement of the entirety
of the debt and to the foreclosure of the tax lien. Since Joyce failed to specifically deny any
performance or occurrence of any conditions precedent, RFC was not required to further prove that
default and acceleration had occurred as a condition precedent to its recovery. See Tex. R.
Civ.Â P.Â 54.
Â Â Â Â Â Â Â Â Â Â Â Â The motion for rehearing is granted. We affirm the judgment of the trial court.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â August 16, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â August 17, 2005




OPINION ON MOTION FOR REHEARING

Â Â Â Â Â Â Â Â Â Â Â Â JB Joyce, Ltd., as Successor to Constructors and Erectors, Ltd. (hereafter Joyce), in its
motion for rehearing, argues that Regions Financial Corp. (hereafter RFC) is estopped from
recovering attorney's fees at a rate of fifteen percent of the judgment. Joyce claims RFC had
previously argued that it was entitled to attorney's fees under Section 32.06 of the Texas Tax Code,
which limits attorney's fees to ten percent of the judgment. 
Â Â Â Â Â Â Â Â Â Â Â Â In RFC's summary judgment affidavit for attorney's fees, it stated that it was seeking
attorney's fees at fifteen percent of the judgment as "authorized by the Texas Property Tax Code,
Section 32.06, et. seq." In a letter to the trial court, Joyce argued that RFC could only collect
attorney's fees at the rate of ten percent based on Section 32.06. Section 32.06(h) of the Texas Tax
Code provides, in pertinent part, as follows: 
Â 
After one year from the date on which a tax lien transferred as provided by this
section is recorded in all counties in which the property is located, the holder of the
lien may file suit to foreclose the lien unless a contract between the holder of the lien
and the owner of the property encumbered by the lien provides otherwise. If the suit
results in foreclosure of the lien, the person filing suit is entitled to recover attorney's
fees in an amount not to exceed 10 percent of the judgment. 

Tex. Tax Code Ann. Â§ 32.06(h) (Vernon 2001). In response, RFC informed the trial court by letter
that "[a]n assignee of the taxing authority action upon its contractual relationship with the taxpayer
is subrogated to all of the rights of the taxing authority under Â§32.065(c) of the Tax Code. This
affords the assignee the right to 15% percent attorneys' fees under Â§33.48(5)." Section 32.065(c)
provides: "Notwithstanding any other provision of this code, a transferee of a tax lien is subrogated
to and is entitled to exercise any right or remedy possessed by the transferring taxing unit, including
or related to foreclosure or judicial sale." Tex. Tax Code Ann. Â§ 32.065(c) (Vernon 2001). Under
Section 33.48 of the Texas Tax Code, a taxing authority is authorized to collect attorney's fees at the
rate of fifteen percent. See Tex. Tax Code Ann. Â§ 33.48(a)(5) (Vernon 2001). The trial court
awarded attorney's fees at a rate of fifteen percent of the judgment. On appeal, Joyce argues that
RFC is estopped from seeking attorney's fees greater than ten percent because it has based its "sworn
testimony on a specific statute." 
Â Â Â Â Â Â Â Â Â Â Â Â Joyce has not directed us to where in the record it argued to the trial court that RFC was
estopped from collecting fifteen percent.


 To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion stating the specific grounds for the
desired ruling, if they are not apparent from the context of the request, objection, or motion. See
Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not
preserved, and the complaint is waived. See Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991). 
We note that Joyce did argue at the trial court level that Section 32.06 limited attorney's fees to ten
percent, but Joyce has failed to direct us to where it argued that RFC was estopped from collecting
fifteen percent. This issue may not be preserved for our review. 
Â Â Â Â Â Â Â Â Â Â Â Â Even if this issue is preserved for appellate review, Joyce has not shown that RFC is estopped
from collecting fifteen percent of the judgment as attorney's fees. It is unclear whether Joyce is
arguing equitable estoppel or judicial estoppel. "The doctrine of judicial estoppel is sometimes
confused with equitable estoppel arising from inconsistent positions taken in judicial proceedings." 
In re Estate of Loveless, 64 S.W.3d 564, 577 (Tex. App.âTexarkana 2001, no pet.). Because it is
not clear on which doctrine Joyce is basing its argument, we will address both judicial estoppel and
equitable estoppel. 
Â Â Â Â Â Â Â Â Â Â Â Â To establish equitable estoppel, Joyce must prove "(1) a false representation or concealment
of material facts, (2) made with knowledge, actual or constructive, of those facts, (3) with the
intention that it should be acted on, (4) to a party without knowledge, or the means of knowledge of
those facts, (5) who detrimentally relied upon the misrepresentation." Schroeder v. Tex. Iron Works,
Inc., 813 S.W.2d 483, 489 (Tex. 1991). None of these elements is present.
Â Â Â Â Â Â Â Â Â Â Â Â The elements of judical estoppel are as follows: 1) a prior sworn inconsistent statement
which was made in a judicial proceeding; 2) was previously successfully maintained; 3) was not
made inadvertently, by mistake, or pursuant to fraud or duress; and 4) was deliberate, clear, and
unequivocal. Loveless, 64 S.W.3d at 578; see Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956). 
Joyce, though, has failed to show that RFC's prior statement is inconsistent with its current argument. 
RFC included the phrase "et seq." in its summary judgment motion. The phrase "et seq." means
"[a]nd those (pages or sections) that follow." Black's Law Dictionary 592 (8th ed. 2004). The
phrase is commonly used to include the sections following the specifically-cited reference as
authority for the proposition stated. Because Section 32.065 immediately follows Section 32.06, a
reasonable interpretation of RFC's statement would include Section 32.065 as authority for the
proposition that a rate of fifteen percent for attorney's fees is authorized. Further, RFC specifically
stated it was seeking fifteen percent of the recovery for attorney's fees. We cannot say that RFC is
estopped from seeking fifteen percent of the recovery for attorney's fees.
Â Â Â Â Â Â Â Â Â Â Â Â For the reasons stated, we overrule Joyce's motion for rehearing. 
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date:Â Â Â September 1, 2005



   In
The

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-10-00127-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  JOHN E. JACKSON

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Justice Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  John E. Jackson has filed a petition
seeking mandamus relief against Larry Merriman, judge of the municipal court of
the City of Longview. Â This Court has
jurisdiction to issue a writ of mandamus against "a judge of a district or
county court in the court of appeals district."Â  Tex. Gov't
Code Ann. Â§ 22.221(b) (Vernon 2004).Â 
We have no mandamus authority over a municipal court judge.

Â Â Â Â Â Â Â Â Â Â Â  We deny the petition. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  July 15, 2010

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July 16, 2010

Â 

Do
Not Publish