

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00324-CV

**MADHAVAN A. PISHARODI, M.D., P.A.**,
Appellant

v.

**UNITED BIOLOGICS, L.L.C.**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI06067
Honorable Rosie Alvarado, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: March 25, 2020

AFFIRMED

In this breach of contract case, a medical practice sued its contract allergy services provider, and the provider counterclaimed for breach of contract. The trial court granted a series of summary judgments for the allergy services provider, and the jury decided the amount of breach of contract damages and attorney's fees. The trial court rendered judgment for the provider, and the medical practice appeals.

For the reasons given below, we affirm the trial court's judgment.

**BACKGROUND**

Appellant Madhavan A. Pisharodi, M.D., P.A.[1] contracted with Appellee United Biologics, L.L.C. to provide allergy services to Pisharodi in its Brownsville office. After a dispute over alleged errors in United Biologics's invoices to Pisharodi and Pisharodi's alleged failure to pay United Biologics amounts earned, Pisharodi sued United Biologics.

In April 2014, Pisharodi sought a declaratory judgment, damages for breach of contract, and attorney's fees. United Biologics answered, sought temporary and permanent injunctions, and brought claims for breach of contract, quantum meruit, promissory estoppel, and attorney's fees. In Pisharodi's answer, it pled that United Biologics failed to satisfy all conditions precedent and it raised affirmative defenses of repudiation, offset/credit, prior material breach, and unclean hands.

United Biologics moved for summary judgment on traditional and no-evidence grounds against Pisharodi's breach of contract claims. The trial court granted the motion on both grounds.

Later, Pisharodi filed a first amended petition. It dropped its breach of contract claim; brought claims of tortious interference with existing contract, interference with prospective contracts, and negligence; and prayed for attorney's fees.

In its no-evidence motion, United Biologics sought summary judgment against Pisharodi's affirmative defenses, and the trial court granted the motion.

In a subsequent combined no-evidence and traditional motion, United Biologics sought summary judgment against Pisharodi's declaratory judgment action, attorney's fees, and tort claims. The trial court granted United Biologics's motion.

In its final motion, United Biologics sought summary judgment on its breach of contract claim. The trial court granted the motion on liability, but it set the question of damages for trial.

---

[1] Dr. Madhavan A. Pisharodi is the principal in the entity Madhavan A. Pisharodi, M.D., P.A. We refer to the entity as Pisharodi and the principal as Dr. Pisharodi.

At trial, the jury awarded United Biologics breach of contract damages and attorney's fees against Pisharodi. In its final judgment, the trial court effectively incorporated all its previous partial summary judgments, and it rendered judgment on the jury's verdict. Pisharodi appeals.

Before we examine the issues, we briefly recite the applicable standards of review for the partial summary judgments.

### STANDARDS OF REVIEW

"We review grants of summary judgment de novo." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). In our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Cantey Hanger*, 467 S.W.3d at 481 (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

### A. No-Evidence Motion

"After adequate time for discovery, a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *accord KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015).

"To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220; *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "[T]he nonmovant must file a written response that points out evidence that raises a fact issue on the challenged elements." *Holloway v. Tex. Elec. Util. Const., Ltd.*, 282 S.W.3d 207, 213 (Tex. App.—Tyler 2009, no pet.); *accord Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) ("[I]n response to a no-evidence motion, the respondent must present some summary judgment evidence

raising a genuine issue of material fact on the elements attacked, or the motion must be granted."). *See generally* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS §§ 5.05[2] (3d ed. 2018) (addressing the nonmovant's burden to respond to a no-evidence motion).

If the nonmovant "produces no summary judgment evidence raising a genuine issue of material fact on [each of the challenged] elements," *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam), the trial court must grant the motion, TEX. R. CIV. P. 166a(i); *Sudan*, 199 S.W.3d at 292.

## B.    Traditional Motion

"A party moving for traditional summary judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Parker*, 514 S.W.3d at 220 (citing TEX. R. CIV. P. 166a(c)); *accord Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017).

### PISHARODI'S AFFIRMATIVE DEFENSES

In answering United Biologics's breach of contract counterclaim, Pisharodi pled the following as affirmative defenses:[2]

- failure to satisfy conditions precedent,
- repudiation,
- prior material breach excusing performance, and
- unclean hands.

United Biologics moved for summary judgment on no-evidence grounds against all of Pisharodi's affirmative defenses. In response, Pisharodi produced an affidavit from Dr. Pisharodi and a copy of the Allergy Services Agreement.

---

[2] Pisharodi also pled offset/credit, but because Pisharodi does not raise that issue on appeal, we do not reach it. *See Garcia v. Robinson*, 817 S.W.2d 59, 60 (Tex. 1991).

The trial court granted United Biologics's motion, and Pisharodi argues the trial court erred by rejecting each of its four defenses. We begin with the question of conditions precedent.

## A. Conditions Precedent

### 1. Parties' Arguments

In its original answer and response to United Biologics's counterclaims, Pisharodi pled the following: "Pisharodi specifically denies that [United] Biologics has met and/or performed the conditions precedent to recovery under the contract." Nevertheless, the trial court granted United Biologics's no-evidence motion for summary judgment against Pisharodi's failure to satisfy conditions precedent defense.

In its brief, Pisharodi argues that its assertion that United Biologics failed to comply with all conditions precedent is not an affirmative defense, and the trial court could not properly grant a no-evidence motion on a point for which it did not bear the burden of proof at trial.

United Biologics contends the trial court's decision was harmless error. According to United Biologics, when it pled that it satisfied all conditions precedent, it invoked Rule 54, *see* TEX. R. CIV. P. 54, and the burden shifted to Pisharodi to identify and deny each condition that United Biologics failed to meet. *See Abrams v. Salinas*, 467 S.W.3d 606, 615–16 (Tex. App.—San Antonio 2015, no pet.); *Hill v. Thompson & Knight*, 756 S.W.2d 824, 826 (Tex. App.—Dallas 1988, no writ). United Biologics argues that the trial court may have erred by granting a no-evidence motion on a point for which Pisharodi did not have the burden of proof at trial, but because Pisharodi failed to specifically identify and deny any condition that United Biologics failed to meet, any error was harmless. *See* TEX. R. CIV. P. 54; *Abrams*, 467 S.W.3d at 615–16.

*2.       Discussion*

Rule 54 states as follows:

> In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

TEX. R. CIV. P. 54.

In its original petition, United Biologics pled the following: "All conditions precedent to Defendant's claim for relief have been performed or have occurred." United Biologics successfully invoked Rule 54, and the procedural burden shifted to Pisharodi to specifically deny each condition that it alleged United Biologics failed to perform or had failed to occur. *See* TEX. R. CIV. P. 54; *Abrams*, 467 S.W.3d at 615–16; *Hill*, 756 S.W.2d at 826.

To keep the burden of pleading and proving performance for all conditions precedent on United Biologics, Pisharodi "was required to specifically deny each condition precedent" which United Biologics allegedly failed to perform. *See Abrams*, 467 S.W.3d at 615–16; *Hill*, 756 S.W.2d at 826. Pisharodi's blanket denial that United Biologics had "met and/or performed the conditions precedent to recovery under the contract" did not individually identify and deny any condition precedent that United Biologics allegedly failed to perform. *Cf. Abrams*, 467 S.W.3d at 615–16; *Hill*, 756 S.W.2d at 826.

Thus, United Biologics was not required to prove performance of any condition precedent. *See Abrams*, 467 S.W.3d at 615–16; *see also Dairyland Cty. Mut. Ins. Co. of Tex. v. Roman*, 498 S.W.2d 154, 159 (Tex. 1973) (rejecting a conditions-precedent-not-satisfied argument because "there [was] no pleading specifically raising the [complained of] condition"); *MacDonald v. Bank of Kerrville*, 849 S.W.2d 371, 372 (Tex. App.—San Antonio 1993, writ dism'd by agr.) (op. on reh'g) ("[S]ince appellant failed to properly specifically deny any performance or occurrence of

conditions precedent, appellee was not cumbered 'with proving, the performance or occurrence of any condition precedent to its recovery.'" (quoting *Hill*, 756 S.W.2d at 826)).

Therefore, the trial court's error granting summary judgment against Pisharodi's "affirmative defense" of United Biologics's alleged failure to perform all conditions precedent did not "cause[] the rendition of an improper judgment" and was harmless error. *See* TEX. R. APP. P. 44.1(a)(1) (reversible error); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (addressing harmless error in a summary judgment context).

## B.     Repudiation

### *1.      Parties' Arguments*

Pisharodi contends the trial court erred in granting United Biologics's no-evidence motion against its affirmative defense of repudiation. Pisharodi insists that United Biologics repudiated the contract without just excuse because United Biologics "refused to correct its invoices" and Pisharodi "was not required to tender payment until resolution of the discrepancy."

United Biologics argues it terminated the agreement because Pisharodi failed to pay for its services and the summary judgment was proper because Pisharodi failed to produce any evidence that United Biologics acted without just excuse.

### *2.      Discussion*

"To prove the affirmative defense of [repudiation or] anticipatory breach of contract, the nonrepudiating party must show (1) words or actions by the alleged repudiating party establishing an intent not to perform the contract according to its terms, (2) a lack of excuse for the non-performance, and (3) damage." *Saenz v. Martinez*, No. 04-07-00339-CV, 2008 WL 4809217, at *6 (Tex. App.—San Antonio Nov. 5, 2008, no pet.) (mem. op.); *accord Valdina Farms, Inc. v. Brown, Beasley & Assocs., Inc.*, 733 S.W.2d 688, 692 (Tex. App.—San Antonio 1987, no writ). If the affirmative defense is challenged by a no-evidence motion for summary judgment, the party

asserting the defense must produce some evidence of a lack of just excuse. *See Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Valdina Farms*, 733 S.W.2d at 692.

Here, Pisharodi's burden was to produce some evidence that United Biologics acted without just excuse. *See Van Polen*, 23 S.W.3d at 516; *Valdina Farms*, 733 S.W.2d at 692. In his affidavit, Dr. Pisharodi asserted that United Biologics failed to bill Pisharodi on the 15th and 30th of each month, "invoiced Pisharodi for amounts which were incorrect," and "unilaterally terminated the services without any warning."

We consider each assertion and whether Pisharodi produced some evidence of lack of just excuse. *See Valdina Farms*, 733 S.W.2d at 692.

### a.    Failed to Invoice

The Agreement provides that United Biologics "shall bill all fees accrued [under the Agreement] on or about the 15th and 30th day of each month."

Pisharodi asserts that United Biologics failed to submit invoices for several months. But the Agreement's plain language requires United Biologics to send invoices for fees accrued, and the fees accrue only when Pisharodi collects payments from insurance companies and reports those payments to United Biologics. Pisharodi produced no evidence that United Biologics failed to invoice Pisharodi after Pisharodi sent United Biologics the collections information. Further, Dr. Pisharodi acknowledged that United Biologics sent Pisharodi a final invoice on August 31, 2013, which was after the previous period when United Biologics did not send bi-weekly invoices.

### b.    Without Warning

In the Agreement, an event of default includes a "[f]ailure by [Pisharodi] to pay to [United Biologics] all amounts owed [under the Allergy Services Agreement] within ten days of the due date thereof."

Dr. Pisharodi testified that United Biologics sent Pisharodi a final invoice on August 31, 2013, and it is undisputed that Pisharodi did not pay the invoiced amount within ten days. In its letter to Pisharodi on September 24, 2013, United Biologics cited the Agreement's Events of Default clause, noted that Pisharodi had failed to pay United Biologics as required under the Agreement, and advised Pisharodi that it was terminating the contract for nonpayment of amounts owed. In his deposition, Dr. Pisharodi agreed that United Biologics "performed the allergy services requested by [himself] and [the nurse practitioner] up to the termination of the contract."

### c. Invoiced for Incorrect Amounts

In his affidavit, Dr. Pisharodi avers that United Biologics invoiced Pisharodi for "amounts which were incorrect." He adds that some "invoices included duplicate billings and improperly billed office visits."

But Pisharodi did not produce any allegedly incorrect invoices or identify other evidence to show that United Biologics invoiced Pisharodi incorrectly. Pisharodi relies solely on the statements in Dr. Pisharodi's affidavit, but without supporting evidence, Dr. Pisharodi's statements are merely conclusory. *See BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 507 (Tex. App.—San Antonio 2013, pet. denied) ("Conclusory statements are insufficient to raise a genuine issue of material fact on a challenged element and will not defeat a no-evidence summary motion."); *James L. Gang & Associates, Inc. v. Abbott Labs., Inc.*, 198 S.W.3d 434, 443 (Tex. App.—Dallas 2006, no pet.) ("In the absence of facts, data, or figures, these conclusory statements of expenditures do not constitute competent summary judgment evidence of reliance damages.").

Taking Pisharodi's non-conclusory evidence as true, *see Cantey Hanger*, 467 S.W.3d at 481, we nevertheless conclude Pisharodi produced no evidence that United Biologics acted without just excuse, *see Van Polen*, 23 S.W.3d at 516; *Valdina Farms*, 733 S.W.2d at 692.

The trial court did not err in granting United Biologics's no-evidence summary judgment motion against Pisharodi's affirmative defense of repudiation.

## C.  Prior Material Breach Excusing Performance

### 1.  Parties' Arguments

Pisharodi contends the trial court erred by granting summary judgment against its prior material breach affirmative defense because Dr. Pisharodi's affidavit contains some evidence of United Biologics's prior material breach.

United Biologics argues there is no evidence of its prior material breach, and Pisharodi's prior material breach defense is inapt because Pisharodi's obligations to pay United Biologics for allergy services arose before United Biologics terminated the contract for Pisharodi's default.

### 2.  Applicable Law

Prior material breach is an affirmative defense to a breach of contract claim. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006); *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 646 (Tex. App.—Dallas 2015, no pet.). "[W]hen one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 196 (Tex. 2004) (per curiam); *accord Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 437 (Tex. 2017). "[A] party's nonmaterial breach does not excuse further performance by the other party, . . . [and] a material breach excuses [only] *future* performance, not *past* performance." *Bartush-Schnitzius Foods*, 518 S.W.3d at 437.

### 3.  Discussion

Pisharodi argues Dr. Pisharodi's affidavit contains evidence of United Biologics's prior material breach. We begin by reviewing United Biologics's contractual obligations.

### a.   Contractual Duties

Under the Allergy Services Agreement, Pisharodi could reasonably expect United Biologics to perform its obligations stated in the Agreement. *See Bartush-Schnitzius Foods*, 518 S.W.3d at 437 (quoting *Mustang Pipeline Co.*, 134 S.W.3d at 199) (listing deprivation of a reasonably expected benefit as a circumstance indicating a material breach). The Agreement calls for United Biologics "to establish an Allergy Center on [Pisharodi's] premises and to cooperate with [Pisharodi] in providing Services to [Pisharodi] patients." United Biologics was to provide allergy services supplies and equipment, personnel, and training and training resources at Pisharodi's Allergy Center. There is no evidence that, prior to the date that United Biologics terminated the contract for Pisharodi's alleged default, United Biologics failed to provide these benefits to Pisharodi.

### b.   Material Breach

We turn now to the evidence of material breach from Dr. Pisharodi's affidavit. In his affidavit, Dr. Pisharodi asserts that United Biologics violated the Agreement before Pisharodi refused to pay United Biologics the amounts it invoiced by failing to submit invoices on the 15th and 30th of each month and by failing to send invoices from December 2012 until April 30, 2013.

We take Dr. Pisharodi's statement as true, construe it as an allegation of United Biologics's prior material breach, and determine whether the breach was material. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

The compensation portion of the Agreement states that United Biologics "shall bill all fees accrued hereunder on or about the 15th and 30th days of each month." But Pisharodi produced no evidence of how the late or omitted invoices deprived Pisharodi of a benefit which it reasonably expected or otherwise constituted a material breach. *Cf. Bartush-Schnitzius Foods*, 518 S.W.3d at 437 (relating factors to determine the materiality of a breach).

Further, as we have previously noted, Dr. Pisharodi acknowledged that United Biologics sent Pisharodi a final invoice on August 31, 2013, for the fees accrued. Dr. Pisharodi's affidavit is no evidence of prior material breach for delayed or omitted invoices. *See id.*

   c.  <u>Incorrect Amounts, No Notice</u>

Dr. Pisharodi also averred that United Biologics invoiced Pisharodi for incorrect amounts, but as we have previously noted, Pisharodi produced no evidence of any such invoices. Finally, Dr. Pisharodi averred that United Biologics terminated the Agreement without notice. But United Biologics's revenue cycle financial analyst testified that all services were performed prior to the date of the Termination Letter. Dr. Pisharodi testified that United Biologics "performed the allergy services requested by [himself] and [the nurse practitioner] up to the termination of the contract," and he admitted in his affidavit that United Biologics did not stop providing services to Pisharodi until after United Biologics sent its final invoice and terminated the Agreement for Pisharodi's alleged default.

We conclude Pisharodi produced no evidence of any prior material breach, and the trial court did not err in granting summary judgment against that affirmative defense. *See Cantey Hanger*, 467 S.W.3d at 481.

## D. **Unclean Hands**

In raising its affirmative defense of unclean hands, Pisharodi asserts that United Biologics could not recover for breach of contract because United Biologics sought "compensation for items not covered by the [Agreement]."

United Biologics responds by noting it dropped its equitable claims of promissory estoppel and quantum meruit, and Pisharodi's equitable defense is inapplicable to United Biologics's breach of contract claim—a legal remedy.

"'Unclean hands' is an affirmative defense available when the plaintiff is seeking an *equitable* remedy." *In re Nolle*, 265 S.W.3d 487, 494 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (emphasis added); *accord Cantu v. Guerra & Moore, LLP*, 448 S.W.3d 485, 496 (Tex. App.—San Antonio 2014, pet. denied) ("Unclean hands is an affirmative defense that may bar a party with unclean hands from obtaining equitable relief."); *Furr v. Hall*, 553 S.W.2d 666, 672 (Tex. App.—Amarillo 1977, writ ref'd n.r.e.) ("[T]he 'clean hands' maxim is strictly an equitable doctrine not applicable outside equitable proceedings."). For "an action at law for damages for breach of contract," the equitable defense of unclean hands is not applicable. *Sammons Enters., Inc. v. Manley*, 540 S.W.2d 751, 757 (Tex. App.—Texarkana 1976, writ ref'd n.r.e.); *accord Furr*, 553 S.W.2d at 672.

Here, United Biologics's breach of contract claim seeks a legal remedy, not an equitable one. Pisharodi's unclean hands affirmative defense is an equitable defense, and Pisharodi failed to produce any authorities or evidence to show that the defense was applicable against United Biologics's breach of contract claim. *See Furr*, 553 S.W.2d at 672; *Sammons Enters.*, 540 S.W.2d at 757 (rejecting appellant's unclean hands defense because it was "a suit for damages for breach of contract and not a suit for equitable relief").

The trial court did not commit reversible error by granting United Biologics's no-evidence summary judgment motion against Pisharodi's inapplicable affirmative defense of unclean hands. *See* TEX. R. APP. P. 44.1(a); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (addressing harmless error in a summary judgment context); *Sammons Enters.*, 540 S.W.2d at 757.

We overrule Pisharodi's first issue.

## CONCLUSORY SUMMARY JUDGMENT EVIDENCE OBJECTION

In its second issue, Pisharodi begins with a complaint that "Pisharodi had clearly created a fact issue with its summary judgment affidavit, [and United Biologics] sought to deprive

[Pisharodi] of its probative effect." Pisharodi continues with a generalized discussion of the evidentiary standard for a nonmovant's affidavit to be considered as summary judgment evidence. Pisharodi then states that United Biologics "screamed 'conclusory' at Physician's affidavit." Pisharodi concludes its argument by contending that "such conclusory objection was devoid of merit."

From what we can discern, Pisharodi is arguing that the trial court erred in excluding or disregarding some of the statements in Dr. Pisharodi's affidavit. *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise arguments for the contentions made"); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). But Pisharodi does not identify any specific statements in Dr. Pisharodi's affidavit that the trial court erroneously excluded or disregarded. Further, Pisharodi does not explain which "conclusory objection was devoid of merit" or what decision or ruling the trial court made that was erroneous. *Contra* TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs*, 318 S.W.3d at 880.

With respect to Pisharodi's complaint that United Biologics's "conclusory objection was devoid of merit," Pisharodi has simply failed to present any matter for our review.

We overrule Pisharodi's second issue.

### PISHARODI'S BREACH OF CONTRACT CLAIM

In its third issue, Pisharodi argues the trial court erred in granting summary judgment against Pisharodi's breach of contract claim.

United Biologics counters that Pisharodi dismissed its breach of contract claim when it filed its first amended petition—which does not include a breach of contract claim—and Pisharodi cannot now complain of the trial court's decision to dismiss Pisharodi's breach of contract claim.

We agree with United Biologics.

**A.     Applicable Law**

"A proper amended pleading supersedes and replaces prior pleadings." *Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 779 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Because "amended pleadings and their contents take the place of prior pleadings, . . . causes of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed." *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) (citing TEX. R. CIV. P. 65). In other words, "an amended petition which omits causes of action previously alleged serves to dismiss these claims from the amended pleading." *Kinney v. Palmer*, No. 04-07-00091-CV, 2008 WL 2515696, at *2 (Tex. App.—San Antonio June 25, 2008, no pet.) (mem. op.); *accord Randolph v. Walker*, 29 S.W.3d 271, 275 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

**B.     Discussion**

Pisharodi's original petition included a breach of contract claim against United Biologics. After the trial court granted summary judgment against Pisharodi's breach of contract claim, Pisharodi filed a first amended petition. *See* TEX. R. CIV. P. 65; *Mensa-Wilmot*, 312 S.W.3d at 779 ("A proper amended pleading supersedes and replaces prior pleadings."). In its first amended petition, Pisharodi reasserted its request for a declaratory judgment. It added claims for tortious interference with existing contract, interference with prospective contracts, and negligence. It also prayed for attorney's fees, but it did not reassert its breach of contract claim. *See Kinney*, 2008 WL 2515696, at *2.

Having exercised its option to drop its breach of contract claim after the trial court denied it, Pisharodi waived any complaint against the trial court's decision dismissing Pisharodi's breach of contract claim. *See Randolph*, 29 S.W.3d at 275 ("[A] viable complaint on appeal is lost when,

- 15 -

following an allegedly erroneous ruling by the trial court on a claim, the plaintiff files an amended pleading abandoning the claim upon which the trial court ruled.").

We overrule Pisharodi's third issue.

### UNITED BIOLOGICS'S BREACH OF CONTRACT CLAIM

In its fourth issue, Pisharodi argues the trial court erred by granting United Biologics's traditional motion for summary judgment on United Biologics's breach of contract counterclaim because Pisharodi raised a genuine issue of material fact on whether United Biologics performed as contractually required.

In United Biologics's motion, it asserted there was a valid and binding contract, United Biologics performed its duties under the Agreement, Pisharodi breached the Agreement, and United Biologics sustained damages due to Pisharodi's breach. *See Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied) (quoting *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.)) ("The elements of a breach of contract claim are '(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach.'").

In its response, Pisharodi challenged only the second element—whether United Biologics performed its duties under the Agreement. *See id.* The response listed and attached six exhibits: two contained copies of checks to United Biologics, two listed payments to United Biologics, the fifth was a deposition of Dr. Pisharodi, and the sixth was a copy of the Allergy Services Agreement.

United Biologics replied that Pisharodi's response was no evidence that United Biologics failed to perform its contractual duties and Pisharodi's response failed to raise a genuine issue of material fact.

We turn now to whether the summary judgment evidence shows United Biologics met its initial burden to conclusively prove its prior performance and then whether Pisharodi's evidence raised a genuine issue of material fact on the challenged element.

## A.     Existence of a Valid Contract

At the outset, we note the parties do not dispute that a valid and binding contract exists. *See id.* (valid contract element).  They each included a copy of the Allergy Services Agreements in their summary judgment evidence.

## B.     Contract Requirements

The Allergy Services Agreement requires United Biologics to do two things pertaining to billing: "[United Biologics] shall bill all fees accrued hereunder on or about the 15th and 30th of each month . . . , [and] [United Biologics] will . . . [p]rovide necessary documentation to billing company for billing and provide testing results to UAL for calculations.

Although the Agreement does not expressly require correct, proper, or nonduplicate billing, for purposes of this review, we will infer that United Biologics's duty was to submit correct, proper, and nonduplicate invoices.  *See Miranda*, 133 S.W.3d at 228 (indulging reasonable inferences in the nonmovant's favor).

## C.     United Biologics's Evidence

United Biologics argues it conclusively established that it performed all required allergy services, including billing services.  United Biologics acknowledged its billing requirements under the Allergy Services Agreement, and it relied on the following excerpts from Dr. Pisharodi's deposition testimony to prove it performed all its duties as required:

[Counsel]:          [W]ould you agree that [United Biologics] continued to provide you services even though you didn't pay invoices that were several months old?

[Dr. Pisharodi]:    I learned that later afterwards, yes.

. . . .

| | |
|---|---|
| [Counsel]: | Do you agree that [United Biologics] performed the allergy services requested by you and Nurse Garnett up to the termination of the contract? |
| [Dr. Pisharodi]: | Yes, they did. |

We conclude United Biologics met its initial burden to conclusively establish that it performed all required allergy services. *See* TEX. R. CIV. P. 166a(c); *Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 660 (Tex. App.—Houston [14th Dist.] 2016, no pet.). But that does not end our analysis.

## D. Inference on Billing Services

Pisharodi contends it raised a genuine issue of material fact on whether United Biologics performed all required services. It argues that Dr. Pisharodi did not expressly state whether "the allergy services requested" included proper billing, and we should determine that it did not.

For purposes of this review, we will infer that it did not. *See Miranda*, 133 S.W.3d at 228 (indulging reasonable inferences in the nonmovant's favor). We will examine the summary judgment evidence on United Biologics's billing practices. Before we do, we briefly recite some of the requirements for summary judgment evidence, specifically deposition testimony.

## E. Deposition Testimony as Summary Judgment Evidence

Deposition testimony "opposing a motion for summary judgment must set forth facts." *Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.); *see Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). "Statements made in [deposition testimony] need factual specificity such as time, place, and the exact nature of the alleged facts," *Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2007, pet. denied), or they may be merely conclusory, *see Gonzales*, 190 S.W.3d at 746.

"A conclusory statement is one that does not provide the underlying facts to support the conclusion." *James L. Gang & Assocs., Inc. v. Abbott Labs., Inc.*, 198 S.W.3d 434, 442 (Tex. App.—Dallas 2006, no pet.); *accord Gonzales*, 190 S.W.3d at 746. "A conclusory statement . . . is insufficient to create a question of fact to defeat summary judgment." *Gonzales*, 190 S.W.3d at 746; *accord Souder v. Cannon*, 235 S.W.3d 841, 849 (Tex. App.—Fort Worth 2007, no pet.) ("Affidavits consisting only of conclusions are insufficient to raise an issue of fact in response to a motion for summary judgment.").

### F.      Alleged Duplicate, Unauthorized, Uncorrected Billing

As alleged evidence of United Biologics's failure to perform its billing requirements, Pisharodi points us to several pages in Dr. Pisharodi's deposition testimony. In his testimony, Dr. Pisharodi asserted that United Biologics submitted some "double billing," submitted some bills that "included [an unauthorized] consultation fee," and failed to correct its invoices.

Dr. Pisharodi testified about United Biologics's alleged billing practice deficiencies, but he admitted his understanding of United Biologics's billing practices was quite limited. He testified that "[m]y information about this is superficial. . . . I never knew that this thing [i.e., billing problems] was going on until [United Biologics moved out]." Referring to the billing problems and the dispute over invoices, Dr. Pisharodi testified that "[a]ll these things that you have now, I never went through those things." When asked what facts show United Biologics failed to perform its contractual obligations, Dr. Pisharodi did not point to any—he merely explained he told United Biologics that Pisharodi would pay it what it was owed but to please not discontinue providing services to his patients.

By his own statements, Dr. Pisharodi conclusively showed he had only superficial exposure to, and understanding of, the specifics of United Biologics's billing practices. *Cf. Souder*, 235 S.W.3d at 849 (requiring an affiant to establish "competen[ce] to testify on the matters stated").

Further, he failed to produce any duplicate invoice, any unauthorized invoice, or any invoice that United Biologics failed to correct. *Contra Gonzales*, 190 S.W.3d at 746.

Dr. Pisharodi's bare assertions that United Biologics failed to meet its billing obligations are, without more, merely conclusory, unsupported assertions. *See Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Affidavits containing conclusory statements unsupported by facts are not competent summary judgment evidence."); *James L. Gang & Assocs.*, 198 S.W.3d at 443 ("In the absence of facts, data, or figures, these conclusory statements of expenditures do not constitute competent summary judgment evidence of reliance damages."). We necessarily conclude Pisharodi failed to raise a genuine issue of material fact on whether United Biologics performed its duties under the Agreement.

We overrule Pisharodi's fourth issue.

### NO REVERSIBLE ERROR

In its final issue, Pisharodi argues the trial court's partial summary judgments were erroneous and improperly prevented Pisharodi from presenting its affirmative defenses to the jury.

As we explained above, the trial court either did not err, or its error was harmless, in its partial summary judgments. Thus, the trial court's partial summary judgments did not "probably cause the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a); *cf. G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (addressing harmless error in a summary judgment context).

We overrule Pisharodi's fifth issue.

### CONCLUSION

Having reviewed the summary judgment evidence under the appropriate standards of review, we conclude the trial court did not err in granting the summary judgments in favor of

United Biologics.  We further conclude the trial court's judgments did not constitute reversible error.  We affirm the trial court's judgment.

Patricia O. Alvarez, Justice